IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE W. DOUGLAS,
    Plaintiff,

vs.                                                Case No.:  5:06cv151/MCR/EMT

ASSISTANT WARDEN YATES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983  (Doc. 15).  Leave to proceed in forma pauperis has been granted (Doc. 9).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

Plaintiff names four Defendants in this action: Assistant Warden Yates, Chief of Security Kelloway, Addictions Treatment Counsel Terrant, and Classification Supervisor Ford, all of whom are employed at the Bay Correctional Facility (BCF) (Doc. 15 at 1, 2). Plaintiff claims that Defendants violated his due process rights by forfeiting gain time as a result of disciplinary proceedings in 2002. Additionally, he claims that he was subjected to cruel and unusual punishment because he was harassed, threatened, and intimidated in retaliation for filing grievances seeking restoration of the lost gain time.

Plaintiff alleges the following facts in support of his claims. In 2002 he was placed in the Addiction Treatment Unit (ATU) at BCF (Doc. 15 at 7–7A). While he was housed in the ATU, he learned that his cellmates were involved in an income tax fraud scheme (*id*.). Petitioner requested that he be moved to another cell to avoid any chance of being implicated in the crime, but Defendant Terrant, a counselor in the ATU, advised him that if he wised to change cells, he would have to leave the ATU program (*id*. at 7A). Plaintiff chose to leave the program, and Defendant Terrant filed a disciplinary report for Plaintiff's leaving the program (*id*.). Plaintiff was found guilty of the disciplinary charge and lost over 210 days of gain time (*id*.). Plaintiff filed a grievance challenging the disciplinary decision (*id*. at 7-B). Plaintiff alleges that after he filed the grievance, unnamed correctional officers at BCF retaliated against him by harassing him, threatening him, and filing false disciplinary reports (*id*. at 7-B– 7-C). Plaintiff states that he is mentally disabled, and the retaliation by the unnamed officers causes psychological and emotional pain and stress (*id*. at 7-C).

As relief, Plaintiff seeks monetary damages for the psychological pain he has suffered (*id*. at 8). Additionally, he seeks restoration of gain time that he lost as a result of the false disciplinary reports (*id*.).

Initially, Plaintiff is not entitled to the relief that he requests. As Plaintiff was previously advised by this court, claims for restoration of gain time credit are properly brought in habeas corpus action filed pursuant to 28 U.S.C. § 2254. The Supreme Court stated in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their

confinement, and that specific determination must override the general terms of § 1983." Preiser, 411 U.S. at 490; *see also* Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Galtieri v. Wainwright, 582 F.2d 348 (5th Cir. 1978). Therefore, to the extent Plaintiff seeks restoration of gain time, he must present his claims in a habeas corpus action.

Furthermore, as Plaintiff was previously advised, his ability to recover compensatory damages for psychological and emotional pain is extremely limited. As amended by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." To meet the physical injury requirement, Plaintiff must be able to allege more than a de minimis amount of injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000). In the instant case, Plaintiff does not allege he suffered any physical injury as a result of Defendants' conduct, therefore, he is not entitled to compensatory damages.

As to the substance of Plaintiff's claims, he has failed to state a basis for liability as to Assistant Warden Yates, Chief of Security Kelloway, and Classification Supervisor Ford. As Plaintiff was previously advised, supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when

facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff does not allege that Defendants Yates, Kelloway, and Ford personally participated in the retaliation and due process violations.  Furthermore, the facts alleged by Plaintiff do not otherwise suggest a basis for liability as to these Defendants.  Although Plaintiff asserts that he filed grievances regarding the alleged constitutional violations (*see* Doc. 15 at 3), even if the grievances were denied by Defendants Yates, Kelloway, and Ford, this fact alone is insufficient to impose liability upon these supervisory Defendants.  Furthermore, the facts do not suggest that the alleged due process violations and retaliation were obvious, flagrant, rampant, and of continued duration, or that there was otherwise a history of widespread abuse to put Defendants Yates, Ford, and Kelloway on notice of the alleged violations.  Therefore, Plaintiff's claims against

Assistant Warden Yates, Classification Supervisor Ford, and Chief of Security Kelloway should be dismissed.

Plaintiff has likewise failed to state a claim against Defendant Terrant.  Plaintiff alleges that Defendant Terrant violated his due process rights by failing to investigate the fraud that his cellmate was engaged in, refusing Plaintiff's request for a cell change, and then filing a disciplinary report for Plaintiff's signing out of the addiction treatment program.  Plaintiff concedes that he signed out of the program, but states that he had no alternative way of avoiding implication in his cellmate's criminal activity.  Plaintiff claims that as a result of Defendant Terrant's failure to investigate his cellmate's criminal activity, Plaintiff was found guilty of the disciplinary violation and lost over 210 days of gaintime.

Initially, although prison officials have a duty to protect prisoners from violence at the hands of other prisoners, *see* Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) and McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995), Plaintiff does not allege that his cellmate's illegal activity threatened his (Plaintiff's) health or safety.  Furthermore, Plaintiff cannot show that he had a constitutional right to an investigation of the fraudulent activity of his cellmate.  *See* Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another); *see also* Otero v. United States Attorney General, 832 F.2d 141, 141 (11th Cir.1987); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988).

Additionally, Plaintiff does not allege that he was denied the due process protections articulated by the Supreme Court in Wolff v. McDonnell concerning his disciplinary proceedings, specifically, that he receive the following:  (1) written notice of the charges at least twenty-four hours in advance, (2) the opportunity to call witnesses and present evidence when doing so would not unduly interfere with institutional safety or correctional goals, (3) an impartial tribunal, and (4) a written statement drafted by the tribunal as to the evidence relied upon and the reasons for the disciplinary action.  418 U.S. 539, 563–72, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).  Furthermore, Plaintiff concedes that he signed out of the addiction treatment program, which he states was the basis of the disciplinary charge.  The fact that the disciplinary team did not accept his reason for doing so as a defense to the charge does not constitute a due process violation.  *See* Superintendent

v. Hill, 472 U.S. 445, 454–56, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985) (revocation of gain time comports with due process so long as findings of prison disciplinary board are supported by some evidence in the record).

Finally, to the extent Plaintiff suggests that Defendant Terrant falsified the disciplinary charge, this claim is insufficient to state an Eighth Amendment or due process claim. The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951–53 (2d Cir. 1986). This is primarily because the Constitution requires only that Plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. Freeman, 808 F.2d at 952; *see also* Wolff, 418 U.S. 539. In the instant case, Plaintiff has failed to state a due process claim, as discussed *supra*. Furthermore, he does not allege the deprivation of any other constitutional right apart from, or in conjunction with, his loss of gain time. Therefore, his Eighth Amendment and due process claims against Defendant Terrant should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 15th day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:06cv151/MCR/EMT